WILLIAM HELGENBERGER, APPELLEE, V. RUDOLPH A. RISTAU ET AL., APPELLANTS.

284 N. W. 761

FILED MARCH 10, 1939. No. 30572.

*Brown, Fitch & West* and *Robins & Yost,* for appellants.

*John P. Corbett, Harold M. Shultz* and *Cook & Cook, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, secs. 48-101 to 48-161. The claim arose from the same accident as that for which compensation was allowed in the companion case of *Hiestand v. Ristau, ante,* p. 881, 284 N. W. 756, determined herewith. The facts are the same with the exception of injuries and amount of compensation. While William Helgenberger, plaintiff, a carpenter, was engaged in shingling a barn, the scaffolding which had protected him on the roof gave way and he fell to the ground, a distance of 14 feet, and broke the os calcis of his right foot. Pleading that the ac-

cident and resulting injury arose out of and in the course of his employment, he presented to the compensation court a claim for compensation, joining as defendants Rudolph A. Ristau and the Equitable Life Assurance Society, a corporation owning the farm in Dodge county on which the barn was located.

The compensation court awarded plaintiff against both defendants compensation as follows: For temporary total disability from November 20, 1936, to June 11, 1937, 29 weeks, $12.80 a week; for a 50 per cent. permanent partial disability for the loss of the use of plaintiff's right foot for 75 weeks from June 11, 1937, $12.80 a week. Upon appeal by defendants to the district court for Dodge county the allowances were the same as in the compensation court and attorney fees of $137.50 were taxed against defendants in favor of plaintiff as costs. From the judgment of the district court defendants appealed to the supreme court.

The allowances below are adopted on appeal as proper under the evidence. Upon a review of the entire record, prejudicial error in the proceedings and judgment of the district court has not been found. The material questions presented herein are determined in the companion case and the discussion of them need not be repeated. Similar services were rendered by the same counsel for the two plaintiffs and attorney fees of $100 for each will be taxed against the defendant as costs in the supreme court.

AFFIRMED.